UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREG SNIDER,<br><br>    Plaintiff,<br><br>v.<br><br>FRED BOWERS, Warden, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:25-cv-11664-JDH<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

HEDGES, M.J.

  Greg Snider, a self-represented individual in federal custody at Federal Medical Center Devens ("FMC Devens"), initiated this action on June 6, 2025, by filing a complaint against Fred Bowers, the Warden at FMC Devens, and the United States Bureau of Prisons ("BOP"). Docket No. 1, Complaint ("Compl.").[1]  Mr. Snider "brings this action pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701, 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201," alleging that his request for incentive awards under the First Step Act ("FSA"), 18 U.S.C. § 3632, was improperly denied. *Id.* ¶¶ 1-2.  Mr. Snider contends that based upon his participation in recidivism-reduction programing, he has earned 510 monthly phone minutes but that he was awarded only 300 monthly phone minutes. *Id.* ¶¶ 10-12.  Mr. Snider alleges exhaustion of his administrative remedies. *Id.* ¶ 13.

  On June 11, 2025, Mr. Snider was ordered to either (1) pay a $405 filing fee (consisting of a $350 statutory fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee); or (2) file a

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 2.

motion for leave to proceed *in forma pauperis* with a copy of his prison account statement pursuant to 28 U.S.C. § 1915. Docket No. 3. The Order explained that "[u]nlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status." *Id.* at n. 2.

On June 20, 2025, Mr. Snider filed a motion to clarify the filing fee, Docket No. 6, and a motion for leave to proceed *in forma pauperis* with a copy of his prison account statement. Docket Nos. 7, 8. In his one-page motion to clarify the filing fee, Mr. Snider asserts that his claims are "habeas corpus in nature" and that the "filing fee in this case should be $5." Docket No. 6. In addition, he states that "there are other provisions of the First Step Act being violated by the Defendants (notwithstanding the issues alleged in the operative complaint) that affect Mr. Snider's custodial release date (that may possibly be an issue as this case progresses)." *Id.*

Mr. Snider has not filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Reading Mr. Snider's claims generously,[2] to the extent he seeks to have this action construed as seeking habeas relief, his challenge to Defendants' disbursement of incentive awards under the FSA does not concern the validity or duration of his confinement. Rather, where Mr. Snider is "challenging the conditions rather than the fact of his confinement ... his remedy is under civil rights law." *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 873 (1st Cir. 2010) (cleaned up); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action."). Moreover, courts have found similar challenges to the BOP's denial of incentives under the FSA cannot be reviewed under Section

---

[2] Because Mr. Snider is proceeding *pro se*, the Court construes the complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2241. *See Fischer v. Napier*, No. 23-12230-FDS, 2023 WL 8190787, at *2 (D. Mass. 2023) (dismissing Section 2241 petition challenging denial of incentive awards under FSA, finding that such a claim did not challenge validity or duration of confinement such that plaintiff did not state a claim upon which relief can be granted); *Bonnie v. Dunbar*, No. 4:23-00158-HMH-TER, 2023 WL 2248965, at *2 (D.S.C. Jan. 19, 2023) (finding BOP's denial of incentive award payments cannot be reviewed under 28 U.S.C. § 2241), *adopted*, 2023 WL 2248321 (D.S.C. Feb. 27, 2023). Even assuming that Mr. Snider's claim may be considered directed to a "condition" of his confinement, it is not one that challenges the validity or duration of that confinement. Although some conditions might be sufficiently "closely related" to the validity or duration of a sentence to support a claim for relief under Section 2241, those circumstances are not present here. *Cf. Brennan v. Cunningham*, 813 F.2d 1, 4 (1987). Finally, although Mr. Snider asserts that there are other provisions of the FSA "being violated … that affect Mr. Snider's custodial release date" he provides no additional facts or details concerning these claims for the Court's consideration. *See* Docket No. 6.

Accordingly, Mr. Snider's motion to clarify the filing fee is DENIED. Unless Mr. Snider advises the Court otherwise, on or before August 15, 2025, the Court will ALLOW his motion for leave to proceed *in forma pauperis* and direct the appropriate prison official to, when funds exist, withdraw an initial partial payment from Mr. Snider's account, followed by payments on a monthly basis until the entire $350.00 statutory filing fee is paid in full, regardless of the duration or outcome of the action. *See* 28 U.S.C. § 1915(b)(1)-(2).

If Mr. Snider does not want to proceed and does not want to incur the obligation to make payments towards the $350 filing fee, he shall advise the Court, in writing, on or before August

15, 2025, at which time the case will be reassigned to a District Judge with a recommendation that the action be dismissed without prejudice.

SO ORDERED.³

Dated: July 16, 2025                                     /s/ Jessica D. Hedges
                                                          United States Magistrate Judge

---

³ Under Federal Rule Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen (14) days of being served a copy of this Order, unless a different time is prescribed by the magistrate judge or the district judge.