UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREG SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-11664-JDH |
| | ) | |
| FRED BOWERS, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

HEDGES, M.J.

Greg Snider, a self-represented individual in federal custody at Federal Medical Center Devens ("FMC Devens"), initiated this action on June 6, 2025, by filing a complaint against Fred Bowers, the Warden at FMC Devens, and the United States Bureau of Prisons. Docket No. 1.

On July 16, 2025, I advised Mr. Snider that, reading his claims generously, he is not entitled to habeas relief for his challenge to Defendants' disbursement of incentive awards under the First Step Act, 18 U.S.C. § 3632. Docket No. 9. Rather, "his remedy is under civil rights law." *Id.* at 2 (citing *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 873 (1st Cir. 2010) (cleaned up); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.")).

I further stated that unless Mr. Snider advised the Court otherwise, I would ALLOW his motion for leave to proceed *in forma pauperis* (Docket No. 7) and direct the appropriate prison official to, when funds exist, withdraw an initial partial payment from Mr. Snider's account,

followed by payments on a monthly basis pursuant to 28 U.S.C. § 1915(b)(1)-(2). Docket No. 9 at 3.

On July 28, 2025, Mr. Snider responded. Docket No. 11. Among other things, he consented to the $350 filing fee and requested that the Complaint be served on the Defendants. *Id.*

Accordingly, it is hereby ORDERED as follows:

1. The motions for leave to proceed *in forma pauperis* (Docket No. 7) and for an order to serve the complaint on Defendants (Docket No. 11) are GRANTED. Mr. Snider is not required to pay the $52 administrative filing fee. Mr. Snider may also proceed without prepayment of the $350 statutory filing fee, *see* 28 U.S.C. § 1914(a), but because he is a prisoner, he is required to pay the fee over time. The Clerk shall send a copy of the standard Notice to Prison form to the treasurer of the facility where Mr. Snider is confined.

2. The Clerk shall issue summons for service of the Defendants and Mr. Snider shall serve the summonses, complaint, consent package, and this Order upon each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3. Because Mr. Snider is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If requested by Mr. Snider, the USMS shall serve copies of the summons, complaint, the consent package, and this Order upon the Defendants as directed by Mr. Snider. Mr. Snider is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.

4.        Mr. Snider must complete service within 90 days from the date of the issuance of the summons. Failure to comply with this deadline may result in dismissal of this action without further notice to the plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

SO ORDERED.[1]

Dated: August 6, 2025                                        /s/ Jessica D. Hedges
                                                                                              United States Magistrate Judge

---

[1] Under Federal Rule Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this Order, unless a different time is prescribed by the magistrate judge or the district judge.